UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACEK SINZINGER,

                Plaintiff,

-against-

CERTIS JAMES JACKSON USA; LUKAS S. AUSTRIA EU,

                Defendants.

19-CV-5885 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff, who resides in Poland, filed this *pro se* action under the Court's federal question jurisdiction and diversity jurisdiction, 28 U.S.C. §§ 1331 and 1332. By order dated June 27, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

       A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff filed this complaint, written in imperfect English, against "Certis James Jackson" in the United States, and "Lukas S" in Vienna, Austria. Included in the complaint is a photograph of Curtis James Jackson, who performs under the name 50 Cent. Plaintiff alleges violations of his right to "freedom." According to Plaintiff, he is "a pensioner without a pension (head cancer got through him) and he has been limiting my rights to tourism since 2007, his employees are pointing at me with weapons." (ECF No. 2 ¶ I.) Following is a sample of the allegations in Plaintiff's complaint:

> I left the apartment which I rented in Vienna in 1140 Bezirk before 22 on the ship above the Donau I was 22, 23 hours. I went on the diskoteke I bought a lemon juice at the and it was hot so I decided to stand near the wind, the whole wall of people had fun there was almost no place where to stand, so I stood near Mr. Lukas S. (which I never knew and I do not know what's on my name if I did not get a punishment from my future wife Paris Hilton Sinzinger I have found him because the end of the holiday will be so I spend a year in the car and without entry to the family home because as punishment is punishment.

(*Id.* ¶ III.) Attached to the complaint are documents written in Polish. Plaintiff seeks money damages.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 3, 2019
 New York, New York

  COLLEEN McMAHON
  Chief United States District Judge